UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24257-Civ-Altonaga/Goodman

NORIS AREVALO, and all others
similarly situated under 29 U.S.C.
§ 216 (b),

        Plaintiff,

v.

LATIN GROUP, INC., d/b/a
Latin Café AND Jose R. More,

        Defendants.
_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Latin Group, Inc. and Jose More submit this Answer and Affirmative Defenses to Plaintiffs' Complaint.

1. Defendants admit that ¶ one is Plaintiffs' characterization of the case.

2. Defendants' admit that Noris Arevalo was a resident of Miami-Dade County at the time this alleged dispute arose.  Since no other individuals have been identified in ¶ two of the Complaint, the Defendants do not have sufficient information to ether admit or deny the remainder of the allegations.

3. Defendant Latin Group admits that it is a corporation doing business in Miami-Dade County, Florida.  The remaining allegations in ¶ three are denied.

4. Defendant Jose More admits that he is the owner/manager of the Latin Café as alleged in ¶ four of the Complaint.  The remaining allegations are denied.

5. Defendants admit ¶ five.

6. Defendants admit the that the Plaintiff is alleging that this is an action under the Fair Labor Standards Act. All other allegations in ¶ six are denied.

7. Defendants admit ¶ seven.

8. Defendants admit that ¶ eight is a quotation from the Fair Labor Standards Act.

9. Defendants admit that Plaintiff was employed as a cook by Defendant Latin Café for the time period relevant to this action.

10. Defendants deny ¶ 10.

11. Defendants deny ¶ 11.

12. Defendants deny ¶ 12.

13. Defendants deny ¶ 13.

14. Defendants deny ¶ 14.

15. Defendants deny ¶ 15.

***AFFIRMATIVE DEFENSES*** 1.

1. Plaintiff(s) fails to state a claim against either Defendant upon which relief can be granted under the FLSA.

2. Plaintiff(s) was(ere) not engaged in interstate commerce or in the production of goods for interstate commerce.

3. Latin Café is not an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s).

4. Jose More is not an employer within the meaning of the FLSA, 29 U.S.C. § 203 (d).

5. Plaintiff was an "exempt employee" under § 13 (a) (1) of the FLSA because he was an "executive" as that term is defined by statute and Department of Labor regulations.

6. Assuming Plaintiff(s) can establish a claim under the FLSA, any damages due must be set off against loans made by Defendants to Plaintiff(s) that were not repaid.

7. Defendants acted in good faith in its classification of employees.

                                                Respectively submitted,

                                                <u>Stanley Kiszkiel</u>

                                                Stanley Kiszkiel
Florida Bar 731153
Stanley Kiszkiel, P.A.
9000 Sheridan Street
Suite 100, PMB 1
Pembroke Pines, FL 33024
954-862-2288
sklaw@kiszkiellaw.com

## CERTICIATE OF SERVICE

I hereby certify that the foregoing document was served on counsel for Plaintiff, listed below, through the U.S. District Court's CM/ECF filing system this 27th day of December 2017.

                J. H. Zidell, Esquire
                J.H. Zidell, P.A.
                300 71st Street, Suite 605
                Miami Beach, Florida 33141

                                            <u>Stanley Kiszkiel</u>
                                            Stanley Kiszkiel