UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-CV-24257-CMA

NORIS AREVALO, et al.,

      Plaintiff,

vs.

LATIN GROUP, INC., d/b/a Latin Café, and
JOSE R. MORE,

      Defendants.

_____/

**DEFENDANT, JOSE R. MORE'S, MOTION TO DISMISS
COUNTS III AND IV OF SECOND AMENDED COMPLAINT AND
MOTION TO STRIKE ATTORNEY'S FEES
IN COUNTS III AND IV**

Defendant, Jose R. More, individually, through undersigned counsel, pursuant to Rule 12(b)(6), Fed.R.Civ.P., hereby moves to dismiss Counts III and IV of the Second Amended Complaint and pursuant to Rule 12(f), Fed.R.Civ.P. moves to strike the Plaintiffs' demand for attorney's fees in those same counts, and states the following:

**BACKGROUND**

1. Plaintiffs, two former employees of Latin Group, Inc., filed the instant action for purported violations of the overtime provisions of the Fair Labor Standards Act. The Plaintiffs allege that while employed as cooks for Latin Group, Inc., they were paid straight time for all hours worked and did not receive the additional half-time premium for all hours worked in excess of 40. [DE 40, ¶¶ 9-10, 15-16].

2. Defendant, Jose R. More, is the corporate officer/owner/manager of the Defendant corporation. [DE 40, ¶ 4].

1

3.      In the Second Amended Complaint, the Plaintiffs brought their unpaid overtime claim pursuant to 29 U.S.C. §§ 207, 216(b) against the corporate employer, Latin Group, Inc., and Mr. More, the owner. (Count I).

4.      Additionally, the Second Amended Complaint adds three additional Counts against both Defendants: Count II: Retaliatory Discharge of Plaintiff, Juan Arevalo Villalobos, pursuant to 29 U.S.C. § 215(a)(3); Count III: Breach of Contract as to Plaintiff, Noris Arevalo,  and Count IV: Unjust Enrichment as to Plaintiff, Noris Arevalo.[1]

5.      In Count III,  the Second Amended Complaint alleges that that a written contract of employment was entered between the parties guaranteeing Plaintiff Arevalo that he would "work in the kitchen from the date of the executed Agreement for one year with six (6) days of work per week and one (1) day off per week."  (DE 40, ¶ 23).[2]

6.      In Count IV, the Second Amended Complaint alleges the same facts as in Count III but in the form of an unjust enrichment claim seeking equitable relief.

7.      Defendant, More, seeks to dismiss Counts III and IV against him individually, as the Second Amended Complaint fails to allege sufficient facts which would permit the Plaintiff, Noris Arevalo, to pierce the corporate veil and thus fails to state a claim upon which relief can be granted. *Dania Jai-Alai Palace, Inc. v. Sykes,* 450 So.2d 1114, 1120-21 (Fla. 1984).

8.      Additionally, Counts III and IV seek attorney's fees without a contractual or statutory basis and should be stricken. *Ninghai Genius Child Product Co. Ltd. V. Kool Pak, Inc,*

---

[1]  Both the Corporate Defendant and the individual Defendant, More, will be answering the remaining Counts of the Second Amended Complaint that are not addressed in the instant motion.

[2] The Second Amended Complaint [DE 40] refers to a written instrument, however, no such instrument was attached to the pleading.  However, it appears that a copy of the written instrument was attached to the motion for leave to amend [DE 38-2] and may have been omitted through inadvertence.

2012 WL 1203821, * 3-4 (S.D. Fla. Apr. 11, 2012); *N. Lakeland Pain & Trauma, Inc. v. Benson*, 813 So. 2d 1075, 1076 (Fla. 2d DCA 2002); *Pines v. Growers Service Co., Inc.,* 787 So.2d 85 (Fla. 2d DCA 2001).

9.      Defendant, More, submits the following Memorandum of Law in Support of the Instant Motion.

## MEMORANDUM OF LAW

### Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Grp., Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.,* 758 F.3d 1252, 1261 (11th Cir. 2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550  U.S. at  555. "[I]n analyzing the sufficiency of the complaint, the Court limits its consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." G*reene v. H & R Block E. Enterprises, Inc.*, 727 F. Supp. 2d 1363, 1366 (S.D. Fla. 2010) (internal quotations and alternations omitted); *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004).

**Argument**

1. **The Second Amended Complaint Fails to Allege Sufficient Facts to Support a Claim of Breach of Contract or Unjust Enrichment Against the Owner of the Corporation, Mr. More**

It is an axiomatic principle of corporate law that a corporation is a separate legal entity, distinct from the persons comprising them. *Am. States Ins. Co. v. Kelley,* 446 So.2d 1085, 1086 (Fla. 4th DCA 1984).  Unlike the Plaintiffs' FLSA claims which statutorily provides for joint and several liability between the covered enterprise and its corporate officer with operational control of the company, *Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir.1986),  the same does not apply to Florida common law contract claims brought against an employer.  The law in Florida is clear: mere ownership of a corporation by a few shareholders, or even one shareholder, is an insufficient reason to pierce the corporate veil. *See Lipsig v. Ramlawi,* 760 So.2d 170, 187 (Fla. 3d DCA 2000). "[E]ven if a corporation is merely an alter ego of its dominant shareholder or shareholders, the corporate veil cannot be pierced so long as the corporation's separate identity was lawfully maintained." *Id.*  As such,  "'the corporate veil will not be penetrated either at law or in equity unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them.'" *Dania Jai-Alai Palace, Inc. v. Sykes,* 450 So.2d 1114, 1120 (Fla. 1984) quoting *Advertects, Inc. v. Sawyer Industries, Inc.,* 84 So.2d 21 (Fla.1955).

In order for the Plaintiff, Noris Arevalo, to be able to state a claim against the individual Defendant, More, for breach of contract or unjust enrichment, he must pierce the corporate veil. In order to allege facts sufficient to pierce the corporate veil, a plaintiff must demonstrate both that the company was a "mere instrumentality" or alter ego of the defendant and that the defendant engaged in "improper conduct" in the formation or use of the company. *See Dania Jai-Alai Palace, Inc. v. Sykes,* 450 So.2d 1114, 1120-21 (Fla. 1984). Conclusory allegations will not suffice to state

a claim based upon an alter-ego theory of liability. *See, e.g., Court-Appointed Receiver of Lancer Offshore, Inc. v. Citco Grp. Ltd,* 2011 WL 1232986, at \*6 (S.D. Fla. Mar. 30, 2011); *Kertesz v. Net Transactions, Ltd.,* 635 F. Supp. 2d 1339, 1347 (S.D. Fla. 2009). Rather, the plaintiff must set forth facts demonstrating that the corporate form should be ignored. *Id.* Therefore, in order for Plaintiff, Noris Arevalo, to be able to assert a claim against Defendant, More, for breach of contract or unjust enrichment, he needs to plead sufficient facts establishing that Latin Group, Inc. was formed or used for some illegal, fraudulent or other unjust purpose and that it was the alter ego of Defendant, More. *Dania Jai-Alai Palace, Inc. v. Sykes,* 450 So.2d 1114 (Fla.1984). The Second Amended Complaint merely alleges that Latin Group, Inc. was an employer.[3]   In order to piece the corporate veil, however, sufficient facts establishing three factors must be alleged:

(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation;

(2) the corporate form must have been used fraudulently or for an improper purpose; and

(3) the fraudulent or improper use of the corporate form caused injury to the claimant.

*Gasparini v. Pordomingo,* 972 So.2d 1053, 1055 (Fla. 3d DCA 2008*); Seminole Boatyard, Inc. v. Christoph,* 715 So.2d 987, 990 (Fla. 4th DCA 1998). In the instant case, however, the Second Amended Complaint contains nothing but conclusory allegations that Plaintiff was promised that he would "work in the kitchen from the date of the executed Agreement for one year with six (6) days of work per week and one (1) day off per week." Even assuming that the written instrument

---

[3] The Second Amended Complaint is so bare bones that it does not even describe the nature of the corporate Defendant's business, though one can surmise that it is involved in the preparation of food given the allegations that the Plaintiffs were cooks and worked in a kitchen. (DE 40, ¶¶ 9-10, 23-24).

is a valid contract, rather than a gratuitous promise or a memorandum of understanding,  the

Plaintiff's, Noris Arevalo, claim can only stand against the employer, the corporate defendant,

Latin Group, Inc. in the absence of the requisite allegations needed to pierce the corporate veil.

In *Elof Hannson USA, Inc., v. Caldera,*  2011 WL 13115561 (S.D. Fla. Sept. 6, 2011),  the

plaintiff attempted to assert breach of contract claims against a corporation and its owners for the

failure to pay for paper products that were purchased from the plaintiff.  The court dismissed the

claims noting that, as in the instant case, that there were insufficient allegations demonstrating that

piercing the corporate veil was warranted. *Id.* at * 4).  The Court noted:

> Here, the Court finds that Plaintiff has not sufficiently alleged facts demonstrating
> that piercing veil is warranted with respect to either Copier & Solutions or Office
> Products. Plaintiff's allegations that the Parodis used the corporate entities for the
> "improper purpose" of avoiding payment on the 25 Orders is insufficient. Breach
> of contract, without more, does not constitute the type of "improper conduct"
> necessary to pierce the corporation veil. *See WH Smith, PLC v. Benages & Assoc.,
> Inc.*, 51 So. 3d 577, 583 (Fla. 3d DCA 2010) (use of a shell company to breach a
> lease does not constitute "improper conduct" sufficient to pierce the corporate veil).
> Plaintiff does not make any factual allegations supporting the Parodis' alleged
> dominance and control over these entities, nor does Plaintiff sufficiently allege that
> the Parodis' used the entities for an "improper purpose." *See, e.g.*, *Orginsky v.
> Paragon Props. of Costa Rica LLC*, 2011 WL 1869352, *14 (S.D. Fla. May 16,
> 2011)* ("conclusory allegations" that entities were "nothing more than shell
> corporation used by defendants to commit a major fraud" were insufficient to allege
> officers' personal liability for corporate acts).

*Id.*  In the instant case,  Counts III and IV fail for similar reasons.  The Plaintiff has not alleged

any facts establishing that the corporate entity, Latin Group, Inc. was Mr. More's alter ego or that

it was a sham corporation from its inception created for the purposes of defrauding the plaintiff of

wages or employment or something that otherwise constitutes an "improper purpose" under

Florida law.  The absence of these allegations requires that Counts III and IV be dismissed as to

Defendant, JOSE R. MORE, individually.

**2.**     **Plaintiff's Prayer for Attorney's Fees in Counts III and IV Should be Stricken**

Ordinarily, under the traditional "American rule," attorneys' fees are not recoverable in the absence of a statute or enforceable contract providing otherwise. *Rothenberg v. Sec. Mgmt. Co.,* 736 F.2d 1470, 1471 (11th Cir. 1984). In awarding fees under a contract, federal courts apply state law when ruling on the interpretation of contractual attorneys' fees provisions. *In re Sure–Snap Corp.*, 983 F.2d 1015, 1017 (11th Cir. 1993). In this case, Counts III and IV are state law claims that are governed by Florida law. Therefore, the Court must apply Florida law to interpret the attorneys' fees provisions at issue. Under Florida law, in the absence of a statutory basis or contractual provision, a prevailing party is not generally entitled to an award of attorney's fees. *Ninghai Genius Child Product Co. Ltd. V. Kool Pak, Inc,* 2012 WL 1203821, * 3-4 (S.D. Fla. Apr. 11, 2012); *N. Lakeland Pain & Trauma, Inc. v. Benson*, 813 So. 2d 1075, 1076 (Fla. 2d DCA 2002); *Pines v. Growers Service Co., Inc.,* 787 So.2d 85 (Fla. 2d DCA 2001).  Because Counts III and IV fail to cite a statutory or contractual basis for fees,  the Plaintiff's demand for attorney's fees in Counts III and IV should be Stricken.

WHEREFORE, for the reasons set forth herein,  Counts III and IV should be dismissed as to Defendant, JOSE R. MORE. Additionally, the Plaintiffs' demand for attorney's fees in Counts III and IV should be STRICKEN.

Respectfully submitted,

**Michael A. Pancier, Esq.**
CO-COUNSEL FOR DEFENDANTS
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
TEL: (954) 862-2217 - FAX: (954) 862-2287
mpancier@pancierlaw.com

/s/ Michael A. Pancier, Esq.

Michael A. Pancier, Esq.
Fla. Bar No. 958484

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have electronically filed the foregoing document with the

Clerk of the United States District Court, Southern District of Florida, this  28ᵗʰ  day of February

2018.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of

the Court's electronic filing system. Parties may access this filing through the Court's system.

Those who are not users or authorized to receive notice of this motion shall receive copies via US

Mail.


Respectfully submitted,

**Michael A. Pancier, Esq.**
CO-COUNSEL FOR DEFENDANTS
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
TEL: (954) 862-2217 FAX: (954) 862-2287
mpancier@pancierlaw.com


/s/ Michael A. Pancier, Esq.
Michael A. Pancier, Esq.
Fla. Bar No. 958484