UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24257-Civ-Altonaga/Goodman

NORIS AREVALO, and all others
similarly situated under 29 U.S.C.
§ 216 (b),

        Plaintiff,

v.

LATIN GROUP, INC., d/b/a
Latin Café AND Jose R. More,

        Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO THE SECOND AMENDED OMPLAINT**

Defendants Latin Group, Inc. d/b/a The Latin Café (The Latin Group) and Jose More

submit this Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint.

1. Defendants admit ¶ one.

2. Defendants admit ¶ two based on information provided to them by the Plaintiffs.

3. Defendants admit ¶ three.

4. Defendants admit Defendant JOSE R MORE is a corporate officer and/or owner and/or

   manager of the Defendant Corporations who ran the day-to-day operations of the

   Corporate Defendant during the relevant time period. All other allegations are denied.

5. Defendants admit venue is appropriate in Miami Dade County but deny that any acts or

   ommissions occurred.

   **COUNT I – RESPONSES BY BOTH DEFENDANTS**

6. Defendants admit Plaintiffs' FLSA claims arise under U.S. Law. All other allegations are

   denied.

7. Defendants admit ¶ seven.

8. Paragraph 8 calls for a legal conclusion to which no response is required.  Defendants admit that this is Plaintiffs' characterization of this lawsuit.

9. Defendants admit ¶ nine that Plaintiff Arevalo was employed as a cook by Defendant Latin Café for the time period relevant to this action.

10. Defendants admit ¶ nine that Plaintiff Villalobos Arevalo was employed as a cook by Defendant Latin Café for the time period relevant to this action.

11. Defendants admit that Latin Café is subject to the Fair Labor Standards Act as an "enterprise."  The remainder of ¶ 11 is denied.

12. Defendants admit that it was an "enterprise" within the meaning of the FLSA. The remainder of ¶ 12 is denied.

13. Defendants admit that it was an "enterprise" within the meaning of the FLSA. The remainder of ¶ 13 is denied.

14. Defendants admit that it was an "enterprise" within the meaning of the FLSA in 2017. The remaining allgations in ¶ 14 are denied.

15. Defendants deny ¶ 15.

16. Defendants deny ¶ 16.

17. Defendants deny ¶ 17.

**COUNT II – RESPONSES BY BOTH DEFENDANTS**

**Defendants  re-adopt their answers to the factual and jurisdictional statements in paragraphs 1-17 above as if fully set forth herein:**

18. Defendants deny ¶ 18.

19. Defendants admit that Plaintiff Villalobos was fired on or about December 7, 2017.  All other allegations set forth in ¶ 19 are denied.

20. Defendants deny ¶ 20.

21. Defendants deny ¶ 21

**COUNT III – RESPONSES BY THE LATIN GROUP, INC.  Defendant More has filed a Motion to Dismiss this Count against him personally**

**Defendants  re-adopt their answers to the factual and jurisdictional statements in paragraphs 1-21 above as if fully set forth herein:**

22. Defendant The Latin Group, Inc. admits that the Court may exercise jurisdiction over this state law claim through supplemental jurisdiction, 28 U.S.C. § 1367 (a), but deny the remainder of ¶ 22.

23. The Latin Group, Inc. denies ¶ 23.

24. The Latin Group, Inc. admits that Plaintiff Arevalo was employed by the Latin Group, Inc. but denies the remainder of ¶ 24.

25. The Latin Group, Inc. denies ¶ 25.

26. The Latin Group, Inc. denies ¶ 26.

27. The Latin Group, Inc. denies ¶ 27.

**COUNT IV - – RESPONSES BY THE LATIN GROUP, INC.  Defendant More has filed a Motion to Dismiss this Count against him personally**

**Defendants  re-adopt their answers to the factual and jurisdictional statements in paragraphs 1-27 above as if fully set forth herein:**

28. The Latin Group, Inc. denies ¶ 28.

29. The Latin Group, Inc., denies ¶ 29.

30. The Latin Group, Inc. denies ¶ 30, mis-numbered in the Complaint as ¶ 49.

## AFFIRMATIVE DEFENSES

1. Plaintiff(s) fails to state a claim against either Defendant upon which relief can be granted under the FLSA.

2. Assuming Plaintiff(s) can establish a claim under the FLSA, any damages due must be set off against loans made by Defendants to Plaintiff(s) that were not repaid.

3. Assuming Plaintiff(s) can establish a claim under the FLSA, any damages due must be set off against damage and waste caused by the Plaintiffs to the Defendants.

4. Should Defendants fail as to Counts III or IV, Defendants are entitled to an award of attorneys' fees pursuant to F.S. 448.08.

5. The claims in Count III, breach of contract, are barred because the alleged contract is a gratuitous promise with lack of mutuality of obligation and want of consideration.  The parties at best maintained an at-will relationship.

6. The Claims in Count III and IV are barred as violative of public policy and the doctrine set forth in Hoffman Plastics v. NLRB, 535 U.S. 137 (2002).

7. Plaintiff Noris Arevalo is barred from collecting any money for any time period after his termination of employment under the doctrine set forth in Hoffman Plastics v. NLRB, 535 U.S. 137 (2002).

8.  Plaintiff's claim in Count II is barred as all employment decisions were taken for legitimate non-retaliatory reasons. Moreover, Plaintiff did not engage in protected activity within the meaning of the FLSA.

9. Defendants acted in good faith in its classification of employees.

10. Plaintiffs' claims are barred to the extent they accrued more than two years from when the lawsuit was filed.

11. To the extent that the activities on which Plaintiffs base their claim for overtime compensation wages consisting of traveling to and from the actual place of performance of, and of activities preliminary and postliminary to the principal activities of Plaintiffs' work, such activities are not compensable by either an express provision of any written or non-written contract, or by any custom or practice in effect at the time of such activities; or if compensable by such contract, custom, or practice, such activities were not engaged in by Plaintiffs during the portion of the day with respect to which he was so made compensable, and accordingly, Defendants are relieved of any liability for the overtime compensation claimed by Plaintiff.

12. Some or all of the disputed time for which Plaintiffs seek recovery of wages allegedly owed is not compensable pursuant to the de minimis doctrine of the Portal-to-Portal Act.

13. To the extent that the activities on which Plaintiffs base their claim for overtime compensation wages consisted of time to which they were waiting to be engaged, Defendants are relieved of any liability for the overtime compensation claimed by Plaintiffs.

14. Plaintiffs claims are barred as they have been paid for all overtime they worked at the rate of 1.5 times their regular rate as their salary was intended to pay them for 40 hours at their regular rate and their overtime at the premium rate comensaurate with their

schedule which remained the same during their employment with Latin Café.

Respectively submitted,

Stanley Kiszkiel

Stanley Kiszkiel
Florida Bar 731153
Stanley Kiszkiel, P.A.
9000 Sheridan Street
Suite 100, PMB 1
Pembroke Pines, FL 33024
954-862-2288
sklaw@kiszkiellaw.com

**Michael A. Pancier, Esq.**
Fla. Bar No. 958484
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
TEL: (954) 862-2217
FAX: (954) 862-2287
mpancier@pancierlaw.com

**CERTICIATE OF SERVICE**


I hereby certify that the foregoing document was served on counsel for Plaintiff, listed below, through the U.S. District Court's CM/ECF filing system this 28th day of February 2018.

> J.H. Zidell, P.A.
> J.H. Zidell, Esquire
> Rivkah Jaff, Esquire
> Neil Tobak, Esquire
> zabogado@aol.com
> ntobak.zidellpa@gmail.com
> rivkah.jaff@gmail.com
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141



> Stanley Kiszkiel
> Stanley Kiszkiel