UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24257-CIV-CMA

NORIS AREVALO, JUAN AREVALO )
VILLALOBOS and all others similarly )
situated under 29 U.S.C. 216(b), )
)
        Plaintiff, )
    vs. )
)
)
LATIN GROUP, INC. d/b/a LATIN CAFE, )
JOSE R MORE, )
        Defendants. )
_____ )

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT JOSE MORE'S MOTION TO DISMISS COUNTS III AND IV OF THE SECOND AMENDED COMPLAINT AND MOTION TO STRIKE ATTORNEY'S FEES IN COUNTS III AND IV [DE41]

COME NOW the Plaintiffs, by and through the undersigned counsel, and hereby file their Response in Opposition to Defendant JOSE R MORE's Motion to Dismiss Counts III and IV of the Second Amended Complaint and Strike Attorney's Fees in Counts III and IV, filed by Defendant JOSE MORE as [DE41], and pursuant to Federal Rules of Civil Procedure 12 (b)(1), and in support thereof state as follows:

1.   This matter sounds under the Fair Labor Standards Act ("FLSA") regarding allegations for overtime wage violations under 29 U.S.C. §§ 201-216, Retaliation under 29 U.S.C. 215(A)(3) as to Plaintiff Juan Arevalo Villalobos, and Breach of Contract and Unjust Enrichment as to Plaintiff, Noris Arevalo, under the Court's Supplemental Jurisdiction 28 U.S.C. §1367 against Defendants, jointly and severally. [DE40].

2.   Defendant's Motion [DE41] seeks to dismiss Counts III (Breach of Contract) and IV (Unjust Enrichment) for allegedly failing to sufficiently plead facts that would "pierce the corporate veil."

1

3.   As set forth *supra,* there are sufficient allegations in the Complaint alleging breach of contract and unjust enrichment and, at this point in light of the facts pled, Defendant is in a position to answer the Second Amended Complaint [DE40] and raise its affirmative defenses. As the discovery process commences Plaintiffs will need to take various depositions and engage in further discovery as to issues related to Defendants' defenses.

4.   Under Florida law, a claim of breach of contract "requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega,* 564 F.3d at 1272, citing *Friedman v. N.Y. Life Ins. Co.,* 985 So.2d 56, 58 (Fla. 4th DCA 2008); *See also, Hostway Servs., Inc. v. HWAY FTL Acquisition Corp.*, No. 09-61315-CIV, 2010 WL 3604671, at *5 (S.D. Fla. Sept. 13, 2010) (internal citations omitted). Plaintiffs allege unjust enrichment as such facts which establish the breach, are also those which have resulted in unjust enrichment and Plaintiffs seeks this claim in equity based on such facts, should it be determined Plaintiff Noris cannot recover at law under a breach theory. Defendant has not shown as a matter of fact or law that dispositive relief is justified and Defendant cannot claim it does not understand what the allegations are and, therefore, can either admit or deny the allegations.

5.   Plaintiffs are travelling under the theory that the individual Defendant is liable under the written contract as a personal guarantor of the Corporate Defendant as the individual personal guarantee is a written contract between the parties, constituting an offer, acceptance, consideration, and specific terms. *Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1272 (11th Cir.2009); *Ashby v. Ashby,* 651 So.2d 246, 247 (Fla. 4th DCA 1995). The contract between Defendants and Plaintiff reflects that it has been executed by the individual Defendant Jose More

binding himself and the Corporate Defendant. Thus, Plaintiffs have adequately plead Court III and IV.

6. The Court should limit its analysis to the four corners of the Complaint and accept that Plaintiffs' allegations as true. Defendant is attempting to hold Plaintiffs factually to a summary judgment standard prior to adequate discovery taking place.

7. Therefore, Defendant JOSE MORE'S Motion to Dismiss for Counts III and IV of the Second Amended Complaint, filed as [DE40], should be denied in its entirety and the Court should order Defendant to file an Answer so that Plaintiffs can know Defendant's position in the case at bar with regards to their affirmative defenses. Should the Court grant Defendant any relief, over Plaintiffs' objections, Plaintiffs respectfully request fourteen (14) days from the date of the Court's Order to file a Third Amended Complaint.

**MEMORANDUM OF LAW**

Motion to Dismiss Standard.

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true in a light favorable to the non-moving party. *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118, 1120 (11th Cir.2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998); *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.,* 208 F.3d 1308, 1310 (11th Cir.2000) (citation omitted). To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Defendants in the case at bar must demonstrate "beyond

doubt" that "no set of facts" could entitle Plaintiff to relief. *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003).

Moreover, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).

The case of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) adopted the Supreme Court's previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). The *Iqbal* decision dealt with a *Bivens* action while the *Twombly* Court dealt with the pleading standards as related to the Sherman Act. Neither case dealt with the pleading standards relating to the Fair Labor Standards Act.  The Eleventh Circuit interpreting the *Twombley* motion to dismiss standard in relation to Fair Labor Standard Act cases stated:

> We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombley* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting ***Twombly*, 127 S. Ct. at 1965**). To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id*. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296.
>
> In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206,

207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred). [Emphasis added].

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008).

Additionally, the Southern District of Florida in interpreting *Twombly* as it relates to

FLSA matters and citing to the Eleventh Circuit decision on *Sec'y of Labor v. Labbe*, 319 Fed.

Appx. 761, 763 (11th Cir. Fla. 2008). stated:

Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Twombly,* 550 U.S. at 555.

A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" *Id.* at 556.

Moreover, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x. 761, 763 (11th Cir. Fla. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep

> payroll records in accordance with the Act." *Id.* (citing 29 U.S.C.
> §§ 206, 207, and 215(a)(2) and (5)).

*Schlinsky v. Action Video Prod.*, 2010 U.S. Dist. LEXIS 2430 (S.D. Fla. Jan. 13, 2010). See also

*Marcelle v. Am. Nat'l Delivery, Inc.*, 2010 U.S. Dist. LEXIS 40248 (M.D. Fla. Apr. 23, 2010)

("the elements that must be shown to allege a violation of the FLSA's overtime pay requirements

are "quite straightforward") *citation omitted*.

      Consequently, although *Iqbal* and *Twombly* require more detailed pleadings as compared

to the minimal pleading requirements under previous law, in the instant matter, Defendant cannot

claim it does not understand what the allegations are regarding Plaintiffs' claim for Count IIIand

IV, and can therefore either admit or deny the allegations. As set forth below, Defendant has not

shown as a matter of fact or law that dispositive relief is justified.

    **1.  The Second Amended Complaint Sufficiently Alleges Facts To Support A Claim Of Breach Of Contract And Unjust Enrichment Against The Individual Defendant, Jose More.**

      The Court should limit its analysis to the four corners of the Complaint and accept

Plaintiffs' allegations as true. Once the factual record has been developed, Defendant may

establish his actions were not as a personal guarantor; however, at this time Defendant's Motion

[DE41] must be denied. As set forth above, the Individual Personal Guarantee is a written

contract between the parties, constituting an offer, acceptance, consideration, and specific

terms. *Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1272 (11th Cir.2009); *Ashby v. Ashby,* 651

So.2d 246, 247 (Fla. 4th DCA 1995). Under Florida law, a claim of breach of contract "requires

the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of

that contract; and (3) damages resulting from the breach." *Vega,* 564 F.3d at

1272, citing *Friedman v. N.Y. Life Ins. Co.,*985 So.2d 56, 58 (Fla. 4th DCA 2008); *See also,*

*Hostway Servs., Inc. v. HWAY FTL Acquisition Corp.*, No. 09-61315-CIV, 2010 WL 3604671, at

*5 (S.D. Fla. Sept. 13, 2010) (internal citations omitted). Plaintiffs have met this burden by providing pleadings which establish each of the elements of breach of contract. There are sufficient allegations in the Complaint alleging breach of contract and unjust enrichment and Defendant is in a position to answer the Second Amended Complaint [DE40] and raise its affirmative defenses.

The Second Amended Complaint [DE40, Paras.23,24] states that, "On May 27, 2017, Plaintiff Noris was provided with a written employment agreement ("Agreement"), thereafter executed by Defendants and Plaintiff Noris, which states that Defendants guarantee Plaintiff Noris work in the kitchen from the date of the executed Agreement for one year with six (6) days of work per week and one (1) day off per week. *See,* Exhibit "A." The Agreement further states that both Parties are in agreement with what is written in the Agreement and that is why both Parties are executing the Agreement. Plaintiff Noris worked for Defendants as a cook from on or about June 10, 2010 through on or about November 14, 2017. Therefore, approximately twenty-four (24) weeks into his employment as set forth by the Agreement, Plaintiff Noris' employment was terminated." The Complaint further alleges [DE40, Para. 26] that, "Defendants breached the contract by failing to maintain Plaintiff Noris' employment as set forth per the Agreement" and, as a result, "Plaintiff Noris has been damaged." Thus, the Complaint clearly pleads the required elements to survive the Motion to Dismiss [DE41] as the four corners of the Complaint are sufficient to support a count of breach of contract and unjust enrichment.

In short, Defendant is clearly on notice of what Plaintiffs' claims are based on the present pleading and discovery needs to proceed towards the summary judgment phase. As noted above, "at the motion to dismiss stage, under Fed. R. Civ. P. 12(b)(6), a court can only examine the four corners of a complaint. *Crowell v. Morgan Stanley Dean Witter Servs*., Co., Inc., 87 F. Supp.2d

1287 (S.D. Fla. 2000)." *Medina v. United Christian Evangelistic Ass'n,* 2009 U.S. Dist. LEXIS 16412 (S.D. Fla. Feb. 27, 2009). The four corners of the complaint allege sufficient facts for Defendants to formulate a proper answer to the Second Amended Complaint [DE40].

   2.  **Plaintiffs' Prayer For Attorney's Fees In Counts III And IV.**

   Upon further analysis of Defendant's Motion to strike and continued factual and legal research, Plaintiffs concede they will not seek attorney's fees in addition to Plaintiffs' damages in Counts III and IV.

   WHEREFORE, DEFENDANT JOSE MORE'S MOTION TO DISMISS FOR COUNTS III AND IV OF THE SECOND AMENDED COMPLAINT, FILED AS [DE40], SHOULD BE DENIED AND THE COURT SHOULD ORDER DEFENDANT TO FILE AN ANSWER SO THAT PLAINTIFFS CAN KNOW DEFENDANT'S POSITION IN THE CASE AT BAR WITH REGARDS TO THEIR AFFIRMATIVE DEFENSES. SHOULD THE COURT GRANT DEFENDANT ANY RELIEF, OVER PLAINTIFFS' OBJECTIONS, PLAINTIFFS RESPECTFULLY REQUEST FOURTEEN (14) DAYS FROM THE DATE OF THE COURT'S ORDER TO FILE A THIRD AMENDED COMPLAINT.

                              Respectfully submitted,

                              J. H. ZIDELL, P.A.
                              ATTORNEYS FOR PLAINTIFF
                              300-71ST STREET, SUITE 605
                              MIAMI BEACH, FLORIDA 33141
                              305-865-6766
                              305-865-7167

                              By:_s/ Neil Tobak, Esq. ___
                              Neil Tobak, Esquire
                                  Florida Bar No.: 093940

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 3/9/18 TO:**

**ALL CM/ECF RECIPIENTS**

**BY:___/s/___Neil Tobak_____
NEIL TOBAK, ESQ.**

10