UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24257-CIV-ALTONAGA/Goodman

**NORIS AREVALO** and
**JUAN AREVALO VILLALOBOS**,

    Plaintiffs,
v.

**LATIN GROUP, INC.** and
**JOSE R. MORE**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon the parties' Joint Motion for Approval of Parties' Settlement Agreement [ECF No. 49], filed March 20, 2018. The Motion seeks the Court's approval of the parties' proposed Settlement Agreement [ECF No. 49-1] which includes a provision for the award of attorney's fees. The Court has carefully considered the Motion, Agreement, record, and applicable law.

Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). In making the requisite fairness determination, the Court considers the following factors: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-

Orl-35GJK, 2012 WL 570060, at *1–2 (M.D. Fla. 2012) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

Factors the Court considers in determining whether requested attorneys' fees are reasonable include:

1) the time and labor required;
2) the novelty and difficulty of the questions;
3) the skill requisite to perform the legal service properly;
4) the preclusion of other employment by the attorney due to the acceptance of the case;
5) the customary fee;
6) whether the fee is fixed or contingent;
7) time limitations imposed by the client or the circumstances;
8) the amount involved and the results obtained;
9) the experience, reputation and ability of the attorneys;
10) the "undesirability" of the case;
11) the nature and length of the professional relationship with the client; and
12) awards in similar cases.

*Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citation omitted).

Under the terms of the Agreement, the parties have agreed to settle this lawsuit for $82,500.00. (*See* Agreement § 2). That total breaks down to $23,615.00 to Plaintiff, Noris Arevalo; $23,615.00 to Plaintiff, Juan Arevalo Villalobos; and $35,270.00 to Plaintiffs' counsel. (*See id.*).

Regarding the attorneys' fees and costs, while the Agreement states the amount received by Plaintiffs' counsel represents $33,000.00 in attorneys' fees and $2,270.00 in litigation costs (*see id.*), neither the Motion nor the Agreement includes affidavits or exhibits describing the number of hours Plaintiffs' counsel worked on the case, what work was done during those hours, and what counsel's hourly billing rate was (*see generally id.*; Mot.). Without that information, the Court cannot scrutinize the reasonableness of the attorneys' fees and costs awarded under the Agreement. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to

assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for *reasonable* attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions. . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351–52 (emphasis and alterations added; citations omitted).

As the Motion and Agreement fail to adequately explain Plaintiffs' attorneys' fees and costs, the Court cannot determine the fairness and reasonableness of the proposed Agreement and cannot grant the Motion.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The parties' Joint Motion for Approval of Parties' Settlement Agreement **[ECF No. 49]** is **DENIED without prejudice**.

2. The parties must submit a revised motion and agreement — with a proposed order and affidavits or exhibits regarding attorneys' fees and costs — that conform to the FLSA by **March 27, 2018**.

**DONE AND ORDERED** in Miami, Florida, this 20th day of March, 2018.

*/s/ Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record